UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY A. STAGGS, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:09-cv-1519-WTL-TAB |
| MICHAEL J. ASTRUE Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

### ENTRY ON MOTION FOR ATTORNEY'S FEE

Before the Court is the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (Docket No. 28). This motion is fully briefed, and the Court, being duly advised, now **GRANTS IN PART** the Plaintiff's motion for the reasons, and to the extent, set forth below.

In her initial brief, the Plaintiff requests an attorney's fee of $6,943.58, as she was the prevailing party in the underlying Social Security disability case. Having obtained reversal and remand of the agency decision in this Court, the Plaintiff is indeed a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Moreover, the Plaintiff asserts that the Government's position was not substantially justified.

In response, the Government concedes that the Plaintiff is entitled to an attorney's fee under the EAJA. However, the Government takes issue with the amount of the fee and argues that any attorney's fee should be paid directly to the Plaintiff, not to her attorney.

Turning first to the amount of the fee, it appears that the parties have reached a consensus regarding the appropriate amount of the fee. Although the Plaintiff originally requested

$6,943.58, the Government contended that this amount was excessive and suggested that $6,191.96 would be more appropriate.[1] In her reply brief, the Plaintiff agreed "to accept the total fee suggested by the [Government] of $6,191.96." Docket No. 32 at 1. Having reviewed the document and affidavit filed by the Plaintiff, the Court believes this is a reasonable fee and awards the agreed-upon $6,191.96 attorney's fee.

The Government next argues that the attorney's fee should be paid to the Plaintiff, not directly to her attorney. In support of this argument, the Government cites *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), which held: "[A] a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." However, the Supreme Court went on to note that the Government had, in some cases, paid EAJA fees directly to attorneys. This most often occurred "in cases in which the prevailing party had assigned its rights in the fees award to the attorney." *Id*. at 2529. "[T]he Government has since continued the direct payment practice only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id*. (citation omitted).

The Government's argument that *Ratliff* somehow precludes payment of EAJA fees directly to attorneys in *all* cases stretches that decision too far. Indeed, post-*Ratliff*, numerous district courts in the Seventh Circuit have rejected the argument propounded by the Government and have concluded that "*Ratliff* does not establish a policy against assignments [of attorney's fees]." *Holofchak v. Astrue*, No. 09-C-5204, 2011 WL 662735 at *1 (N.D. Ill. Feb. 14, 2011);

---

[1] This amount represents a decrease in the Plaintiff's requested hourly rate from $178.59 per hour to $171.38 per hour, as well as a 2.75 hour decrease in the total number of hours billed.

*see also Byers v. Astrue*, No. 1:09-cv-01597-TAB-JMS, 2011 WL 2472992 at *2 (S.D. Ind. Jun. 22, 2011); *Booker v. Astrue*, No. 4:08-cv-097-SEB-WGH, 2010 WL 2771875 at *3 (S.D. Ind. July 13, 2010). While these decisions are, of course, not binding on this Court, given the language in *Ratliff*, the Court believes that they are well-reasoned and instructive.

In this case, the Plaintiff provided the Court a copy of a document assigning her attorney the right to receive the fees in question. *See* Docket No. 30. The Government has not challenged its validity. Moreover, the Government has not asserted that the Plaintiff owes any pre-existing debt to the Government. Accordingly, the Plaintiff's motion is **GRANTED IN PART** and Plaintiff's counsel is awarded $6,191.96 in fees.

SO ORDERED: 07/08/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com